IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAYMELLE T. HINTON, | | |
| | Plaintiff, | No. 2:12-cv-2648 AC P |
| | vs. | |
| MARK BRANDON, *et al.*, | | |
| | Defendants. | <u>ORDER</u> |
| _____ / | | |

    Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1  and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly
2  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust
3  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court
4  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28
5  U.S.C. § 1915(b)(2).

6        The court is required to screen complaints brought by prisoners seeking relief
7  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
10 be granted, or that seek monetary relief from a defendant who is immune from such relief.  28
11 U.S.C. § 1915A(b)(1),(2).

12       A claim is legally frivolous when it lacks an arguable basis either in law or in
13 fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
14 28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
15 indisputably meritless legal theory or where the factual contentions are clearly baseless.
16 Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
17 inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
18 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

19       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
20 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
21 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell
22 Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v.
23 Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a
24 complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
25 must contain factual allegations sufficient "to raise a right to relief above the speculative level."
26 Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only

"'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff's complaint is only partially legible.  Insofar as the court can make sense of it, it appears plaintiff is accusing defendant Officer Mark Brandon of making crude statements and "pantomime gestures" that affected plaintiff psychologically.  This allegation fails to state a claim because allegations of verbal harassment are not cognizable under § 1983.  Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right"); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F. Supp. 1173, 1180 (E.D.N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983).

Plaintiff's claim that Officer Brandon made "pantomime gestures" also fails scrutiny.  Allegations of harassment do not state a claim under the Eighth Amendment unless it is alleged that the harassment was "calculated to ... cause [the prisoner] psychological damage." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir.1996), amended by 135 F.3d 1318 (9th Cir. 1998).  While plaintiff claims that he suffered psychologically because of Officer Brandon's "pantomime gestures," he does not claim that defendant's conduct was calculated to cause such damage.  Further, the alleged gestures are not described in any detail that would enable the court to determine that they, by their very nature, would cause severe psychological damage.

////

3

Lastly, plaintiff accuses Officer Brandon of interfering with "recorded communications" from April 13, 2009 to an unidentified date in 2012.  Plaintiff does not, however, define a "recorded communication," identify with whom he was communicating, or explain how Officer Brandon interfered with these communications. Without more, these facts do not state a claim.

The rest of the complaint is largely indecipherable.  While the court has identified factual allegations related to unsanitary housing, someone being carried on a gurney by a Sergeant Baker, and the filing of a battery charge, the allegations are so minimal and the plaintiff's handwriting so difficult to decipher that the court cannot determine whether plaintiff states a claim.

The court has therefore determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

1  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2          In addition, plaintiff is informed that the court cannot refer to a prior pleading in
3  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
4  complaint be complete in itself without reference to any prior pleading.  This is because, as a
5  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
6  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
7  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
8  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

9          In accordance with the above, IT IS HEREBY ORDERED that:

10         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

11         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
12  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
13  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
14  Director of the California Department of Corrections and Rehabilitation filed concurrently
15  herewith.

16         3.  Plaintiff's complaint is dismissed.

17         4.  Within thirty days from the date of this order, plaintiff shall complete the
18  attached Notice of Amendment and submit the following documents to the court:

19             a.  The completed Notice of Amendment; and

20             b.  An original and one copy of the Amended Complaint.
21  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
22  Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must
23  bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to
24  ////
25  ////
26  ////

5

1 | file an amended complaint in accordance with this order may result in the dismissal of this
2 | action.
3 | DATED: February 6, 2013.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;hint2648.14new

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAYMELLE T. HINTON,

      Plaintiff,                  No. 2:12-cv-2648 AC P

      vs.

MARK BRANDON, *et al.*,

      Defendants.              <u>NOTICE</u>

_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____      Amended Complaint

DATED:

                                          _____
                                          Plaintiff